IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 2 3 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ANNA C. RECIO, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  B-03-122 |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner, Social | § | |
| Security Administration, | § | |
| Defendant. | § | |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Defendant, Jo Anne B. Barnhart, Commissioner of the Social Security Administration (Commissioner), by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, and his designated attorney-in-charge, Kerry J. Simpson, Special Assistant United States Attorney, files her motion for summary judgment with supporting brief.

## I. ISSUE

The issue is whether the Commissioner properly determined that Plaintiff, Anna C. Recio (Recio), was not disabled for the purposes of Title XVI of the Social Security Act.

## II. STATEMENT OF THE CASE

Recio filed an application for supplemental security income under Title XVI on August 9, 2001, alleging that she was disabled since May 1993, due to clinical depression.  (Tr. 109-12).[1]/  Recio's application was denied at the initial and reconsideration levels.  (Tr. 61-62, 93-108).  Recio requested a hearing before an administrative law judge (ALJ), and one was held on February 6, 2003.  (Tr. 24-

---

[1]/   The abbreviation "Tr." refers to the page of the administrative transcript which was filed in the district court with the Commissioner's answer.

60, 92). In a decision dated March 28, 2003, an ALJ found that Recio was not disabled because she could perform work that existed in significant numbers in the national economy. (Tr. 12-21). Recio requested review of the ALJ's decision, and the Appeals Council denied her request for review on May 16, 2003, making the ALJ's determination the final decision of the Commissioner. (Tr. 5-11). Recio now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

### III. ARGUMENT

#### A.    Standard of Review

Judicial review of the Commissioner's final decision of not disabled is limited under 42 U.S.C. § 405(g) to two inquiries: (1) whether substantial evidence of record supports the Commissioner's decision, and (2) whether the decision comports with relevant legal standards. See Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. See Richardson v. Perales, 402 U.S. 389, 390 (1971). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. See Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

#### B.    Disability Evaluation and Burden of Proof

A claimant is not entitled to disability benefits unless she establishes that she is unable to engage in any substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. See Cook v. Heckler, 750 F.2d 391, 393 (5th Cir. 1985). In determining whether a claimant can engage in substantial gainful activity, the Commissioner applies a five-step sequential evaluation process. See Bowling v. Shalala, 36 F.3d 431, 435 (5th Cir. 1994).

The rules governing the steps of this evaluation process are: (1) a claimant who is working, engaging in substantial gainful activity, will not be found disabled no matter what the medical findings are; (2) a claimant will not be found disabled unless she has a severe impairment; (3) a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors; (4) a claimant who is capable of performing work she has done in the past must be found not disabled; and (5) if the claimant is unable to perform her previous work as a result of an impairment, factors such as age, education, work experience, and residual functional capacity must be considered to determine whether she can do other work. Id. A finding that a claimant is disabled or not disabled at any point in the five-step process is conclusive and terminates the Commissioner's analysis. Id.

The burden of proof is on the claimant for the first four steps, in which the claimant must prove that she has a disability by establishing a medically determinable physical or mental impairment that prevents any substantial gainful activity. See 42 U.S.C. § 1382(c); Bowen v. Yuckert, 482 U.S. 137, 142 (1987); Haywood v. Sullivan, 888 F.2d 1463, 1467 (5th Cir. 1989) (per curiam); Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam). If the claimant meets the burden of proof, the burden then shifts at step five to the Commissioner to show the existence of employment for the claimant by pointing to testimony at the hearing that a number of jobs suited to the claimant's capabilities were available in the claimant's geographical locale. Morris v. Bowen, 864 F.2d 333, 335-36 (5th Cir. 1988) (per curiam). If the Commissioner meets the step five burden of proof, the burden shifts back to the claimant to rebut this finding. See Selders v. Sullivan, 914 F.2d 614, 618 (5th Cir. 1990).

**C.**   **The ALJ Properly Assessed Recio's Residual Functional Capacity And Relied On Vocational Expert Testimony That Recio Could Perform Work That Existed In Significant Numbers In The National Economy**

Recio claims that the ALJ "failed to assess specific work-related mental limitations and the vocational expert had to speculate on the degree of the plaintiff's limitations." See Pl.'s Br. at 3-4.[2]/ Recio argues that the hypothetical question to the vocational expert (VE) was not consistent with the evidence and that the VE's testimony did not support the ALJ's finding that there was a significant number of jobs available in the national economy. See Pl.'s Br. at 7-8. The Commissioner submits that the ALJ appropriately assessed Recio's residual functional capacity (RFC), that the ALJ's questions to the VE reflected the ALJ's assessment of the claimant's RFC, and that the VE's testimony supported the ALJ's finding that there was a significant number of jobs available in the national economy that Recio could perform.

Social Security regulations explain that a claimant's RFC is the greatest capability of an individual to do work despite any limitations. See 20 C.F.R. § 416.945. The level of RFC is derived from an assessment of a claimant's description of limitations, including medical evidence, personal testimony and testimony from other individual(s) or opinions from physicians. Id. Based on his review of the evidence, the ALJ found that Recio retained the RFC to perform unskilled work at all levels of exertion with moderate limitations in concentration. (Tr. 18, 20).

Recio relies upon Social Security Ruling (SSR) 85-15 for her argument that the ALJ did not properly consider whether her mental disorder allows her to perform unskilled work. See Pl.'s Br. at

---

[2]/    The abbreviation "Pl.'s Br." refers to Plaintiff's Brief.

4. However, the Fifth Circuit Court of Appeals (Fifth Circuit) held in <u>Leggett v. Chater</u>, 67 F.3d 558, 565 (5th Cir. 1995), that SSR 85-15 "only applies to situations in which the claimant suffers an alleged mental impairment that causes a severe adverse reaction to even the mildest demands of work." In this case, the ALJ found that Recio was only moderately limited in her ability to handle most work-related duties. (Tr. 18). The ALJ considered Dr. Maldonado's letter dated June 7, 2000 to the Texas Rehabilitation Commission, as well as his progress notes. (Tr. 18). In the June 7, 2000 letter, Dr. Maldonado noted that Recio had "good understanding" and opined that Recio's "memory, concentration, social interaction and adaptation to change and stress may be affected secondary to her current psychiatric condition." (Tr. 196).

The ALJ found that the RFC was consistent with Dr. Valverde's clinical and objective findings. (Tr. 18). Dr. Valverde examined Recio on December 13, 2001. (Tr. 186-89). Although Dr. Valverde noted that Recio had concentration difficulties, he stated, "Her history and performance would indicate that she can carry through with most tasks to completion." (Tr. 187-88). Dr. Valverde indicated that "tasks of some complexity are more difficult for her and she tends to lose focus of what she is doing." (Tr. 188). The evidence, as described above, supports the ALJ's RFC assessment.

Recio also refers to SSRs 96-8p and 96-9p for the position that the ALJ did not make a "more detailed assessment of various functions." <u>See</u> Pl.'s Br. at 5-7. A review of the administrative hearing reveals, however, that the ALJ did ask the VE to consider Recio's ability to perform work, and that he incorporated Recio's testimony into his RFC. (Tr. 46-47). The ALJ asked the VE to consider an individual who had "good understanding, but her memory, concentration, social interaction, and adaptation to change and stress may be affected because of a psychiatric problem." (Tr. 49). The VE

5

stated, "Well, mostly for unskilled work you're talking about routine, repetitive tasks that typically don't involve significant degree of concentration for a number of jobs, but do involve, of course, attending to the task to some degree." (Tr. 49). When the ALJ asked the VE to consider an individual with "a moderate limitation with respect to staying on task," the VE indicated that the individual could perform work, depending on the job. (Tr. 49-50). This is consistent with Dr. Valverde's opinion that Recio could "carry through with most tasks to completion." (Tr. 187-88).

Recio contends that the ALJ improperly elicited "the residual functional capacity from the vocational expert's opinion about the effects of the plaintiff's mental disorder on her ability to work" and that the "vocational expert is qualified only to testify to jobs that a plaintiff may be able to perform with a given residual functional capacity, not to offer an opinion about a plaintiff's residual functional capacity." See Pl.'s Br. at 7. However, the Fifth Circuit has explained that "[t]he value of a vocational expert is that he [or she] is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." See Carey v. Apfel, 230 F.3d at 145; Morris v. Bowen, 864 F.2d 333, 335-36 (5th Cir. 1988) (Commissioner's burden may be met by pointing to vocational expert testimony that a number of suitable jobs are available). The Commissioner maintains that the ALJ's questioning of the VE was appropriate to determine the availability of jobs for a claimant with the RFC similar to Recio's.

Even if the court finds that the ALJ's questions to the VE were not sufficiently detailed, Recio has not shown that the ALJ did not properly consider the evidence or that substantial evidence does not support the ALJ's decision. The Fifth Circuit has held that procedural defects in the agency process are not reversible error unless the substantial rights of a party have been affected. See Mays v. Bowen,

6

837 F.2d 1362, 1364 (5th Cir. 1988). In Mays, the Fifth Circuit noted that a magistrate judge

concluded that the evidence did not support a finding of disability and applied a different Table 2 in

Appendix 2, 20 C.F.R. § 404, Subpt. P, to find the claimant not disabled. The Fifth Circuit observed,

"The table used by the magistrate was the table the ALJ would have been required to use under the

magistrate's revised factual conclusions." Id. The Fifth Circuit concluded, "The result continued to be

that Mays was 'not disabled,' and no substantial right of his was affected." Id. Cf. Ka Fung Chan v.

INS, 634 F.2d 248, 258 (5th Cir. 1981) (proof of denial of due process in an administrative

proceeding requires a showing of substantial prejudice).

In this case, substantial evidence supports the Commissioner's final decision. When the ALJ

asked the VE how the jobs identified would be affected if the individual had "moderate limitations in

daily activities, social functioning, and concentration," the VE testified, "Well again, Your Honor I go

back to the definition of moderate which indicates there's some disability but it doesn't preclude work."

(Tr. 56). Although Recio claims that the ALJ's use of "moderate limitations in concentration" is vague,

the regulations provide that functional limitations are assessed by severity and that, when "marked" is

used as a standard for measuring the degree of limitation, it "means more than moderate but less than

extreme." See 20 C.F.R. Pt. 404, Subpt. P, App. 1. The VE's testimony is, therefore, consistent with

the severity standards as defined in the regulations, showing that any irregularities in questioning does

not impact the VE's response that the individual would be able to perform work.

In addition to the above, Recio argues that the VE's testimony that the jobs available would be

reduced by 50% does not provide substantial evidence to show that a significant number of jobs existed

in the national economy. See Pl.'s Br. at 7-8. The Commissioner maintains that the ALJ properly

7

relied on the VE's testimony. The Fifth Circuit has held that, since a VE relies on his or her own

expertise in addition to vocational sources, an ALJ may accept the testimony of a VE as to the

existence of jobs that a claimant can perform. See Vaughan v. Shalala, 58 F.3d 129, 132 (5th Cir.

1995). In this case, the ALJ found that Recio retained the RFC for unskilled work at all levels of

exertion, and Recio does not challenge the ALJ's determination of her physical capabilities. (Tr. 18,

20). It should be recognized that the regulations state the following:

> The existence of jobs in the national economy is reflected in the "Decisions" shown in
> the rules, i.e., in promulgating the rules, administrative notice has been taken of the
> numbers of unskilled jobs that exist throughout the national economy at the various
> functional levels (sedentary, light, medium, heavy, and very heavy) as supported by the
> "Dictionary of Occupational Titles" and the "Occupational Outlook Handbook,"
> published by the Department of Labor; the "County Business Pattern" and "Census
> Surveys" published by the Bureau of the Census; and occupational surveys of light and
> sedentary jobs prepared for the Social Security Administration by various State
> employment agencies.

See 20 C.F.R. Pt. 404, Subpt. P, App. 2, 200.00(b). In this case, the VE testified as follows

concerning the availability of jobs:

> The jobs which she likely wouldn't lose her job over [sic] making mistakes because that
> would be the key factor in all this is whether or not when she did lose concentration - -
> and again, these would all be jobs that didn't really involve working with the public,
> these unskilled jobs. It would be a matter of is she making so many mistakes that an
> employer would fire her or is she making, you know, mistakes that are kind of
> forgivable because everybody has - - there isn't anyone in the workforce, as you know,
> that has 100 percent productivity rate. I think it's 75 percent, at best.

(Tr. 50-51). As previously noted, Dr. Valverde opined that Recio could "carry through with most

tasks to completion." (Tr. 187-88). The Commissioner holds that the VE's testimony constitutes

substantial evidence that a significant number of jobs existed at all levels of exertion that Recio could

perform.

## IV. CONCLUSION

The Commissioner respectfully submits that the ALJ properly considered the evidence of record and that substantial evidence supports the final administrative decision denying disability benefits. Therefore, the Commissioner respectfully requests that the Court AFFIRM the administrative decision.

Respectfully submitted,

Michael T. Shelby
United States Attorney

Tina M. Waddell
Regional Chief Counsel, SSA
Special Assistant United States Attorney

By:  _Kerry Simpson_

KERRY J. SIMPSON
Special Assistant United States Attorney
S.D. TX Admission No. 27735
Texas State Bar No. 11256250
Office of the General Counsel, Region VI
Social Security Administration
1301 Young Street, Suite 430
Dallas, Texas 75202
Ph.: (214) 767-5582
Fax: (214) 767-9189

9

## CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that a true and correct copy of the foregoing Brief in Support of Defendant's Motion For Summary Judgment was mailed to Plaintiff's attorney, John J. Ingram, II, Ingram Law Firm, P.C. 3016-A North McColl, McAllen, Texas 78501, via United States mail on this _____ day of December, 2003.


KERRY J. SIMPSON
Special Assistant United States Attorney

10