United States District Court
Southern District of Texas
FILED

OCT 1 8 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ANNA C. RECIO | § |
| | § Civil Action No. B-03-122 |
| Plaintiff | § |
| | § |
| v. | § |
| | § |
| JO ANNE B. BARNHART, | § |
| Commissioner of the | § |
| Social Security Administration | § |
| | § |
| Defendant | § |

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S UNOPPOSED APPLICATION FOR ATTORNEY FEES AND COSTS
PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT
(28 USC 2412)

INTRODUCTION

The plaintiff succeeded in obtaining a favorable decision on a claim for disability benefits under titles II and XVI of the Social Security Act ("Act") in a civil action. The plaintiff now seeks reimbursement for attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). The plaintiff demonstrates in this memorandum of law that she meets the requirements for an award of attorney fees and costs totaling $ 3,100.00 and that the amount of the compensation is reasonable.

ARGUMENTS

I.  THE COURT SHOULD AWARD THE PLAINTIFF ATTORNEY FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT

   A.  **Legal Basis for Award**

   A claimant for social security benefits may obtain an award of attorney fees and other expenses associated with a civil action pursuant to EAJA when the court finds (28 USC

2412(d)):

1. the application was timely filed;

2. the plaintiff is a prevailing party;

3. the plaintiff had a net worth not exceeding two million dollars at the time the action was filed; and

4. the position of the United States in litigation or in the action of the agency upon which the civil action was based was not substantially justified and there are no special circumstances which make an award under EAJA unjust.

If a judgment is rendered under the fourth sentence of 42 USC 405(g) (involving a district court's affirmation, reversal, or modification of an administrative decision), the plaintiff becomes a prevailing party at the time of entry of the judgment for purposes of filing for EAJA fees even though the plaintiff does not become entitled to benefits under administrative review is concluded. Shalala v. Shaefer, 509 US 292, 113 S.Ct. 2625 (1993).

If, on the other hand, the case is remanded under the sixth sentence of 42 USC 405(g) (involving the Commissioner's request for remand before filing an Answer or involving new and material evidence), the plaintiff does not attain "prevailing party" status until and unless benefits are awarded; however, attorney fees and costs may be available for representing the plaintiff in administrative proceedings before the agency because such proceedings are merely supplemental to the civil action and remain subject to ultimate approval by the court which retains jurisdiction over the matter. Sullivan v. Hudson, 490 US 877, 109 S.Ct. 2248 (1989).

**B.     Plaintiff's Application Is Timely Filed**

When a case is remanded pursuant to the fourth sentence of 42 USC 405(g), the time limit for filing the EAJA motion is the same as when the court reverses the decision of the Commissioner and awards benefits.  Therefore, the motion is due between 60 and 90 days from the date of the entry of judgment (or within 30 days of the date the judgment is no longer appealable) (28 USC 2412(d)(1)(B) and 2412(d)(2)(G)).  Shalala v. Schaefer, 113 S. Ct. 2625, 2632 (1993).

When a case is remanded pursuant to the sixth sentence of 42 USC 405(g) [that is, those made on motion of the Commissioner prior to answer and those made when new evidence exists and there was good reason not to include such evidence in the administrative proceeding], the time limit for filing the EAJA motion does not begin until after the post-remand proceedings are completed, the Commissioner returns to court, the court enters a final judgment, and the appeals period runs.  Melkonyan v. Sullivan, 111 S. Ct. 2157, 2165 (1991).

The Plaintiff's Unopposed Application for Attorney Fees was filed on October 15, 2004.

**C.     Plaintiff Is a Prevailing Party**

A plaintiff who obtains a remand pursuant to the fourth sentence of 42 USC 405(g) is a "prevailing party" for purposes of EAJA because the plaintiff succeeded on a significant issue which achieved some of the benefit sought in bringing the civil action.  Shalala v. Schaefer, 113 S. Ct. 2625, 2632 (1993).

A plaintiff who obtains a remand pursuant to the sixth sentence of 42 USC 405(g) becomes a "prevailing party" for purposes of EAJA if he or she wins on remand.

Plaintiff is a prevailing party.  On November 25, 2003, Plaintiff filed her Motion

for Summary Judgment. Plaintiff contended that the findings with respect to the plaintiff's residual functional capacity and ability to perform jobs identified by a vocational expert are not consistent with applicable legal standards or supported by substantial evidence because the administrative law judge failed to assess specific work-related mental limitations and the vocational expert had to speculate on the degree of the plaintiff's limitations.

This Court ordered that the decision of the Commissioner be reversed and the case remanded to the Commissioner pursuant to the forth sentence of 42 U.S.C. 405(g) for further administrative proceedings in conformity the Courts Memorandum Opinion on September 29, 2004.

D.     **Plaintiff's Net Worth Was Less Than Two Million Dollars**

The plaintiff's net worth was less than two million dollars ($2,000,000.00) at the time the civil action was filed.

E.     **Government's Position Was Not Substantially Justified**

The EAJA provides that fees shall be awarded to a prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust" (28 USC 2412(d)(1)(A)).

The "position of the United States" includes both the "position taken by the United States in the civil action [and] the action or failure to act by the agency upon which the civil action is based" (28 USC 2412(d)(2)(D)).

The Government's position is not "substantially justified" unless it has a "reasonable basis both in law and in fact" sufficient to satisfy a "reasonable person." Pierce v. Underwood, 487 US 552, 108 S. Ct. 2541 (1988).

Although the plaintiff must allege that the position taken by the Government was not substantially justified, the Government has the burden of proving that its position in every stage of the proceedings, both in the underlying administrative proceeding and in the civil action, was substantially justified. Baker v. Bowen, 839 F.2d 1075 (5th Cir. 1988).

The Government's position, both at the administrative level and before this court, lacked substantial justification in the following respects:

**1.     No Reasonable Basis in Law**

Substantial justification is lacking whenever the Commissioner's position is contrary to well-established legal principles. Martin v. Heckler, 754 F.2d 1262, 1265 (5th Cir. 1985).

The findings with respect to the plaintiff's residual functional capacity and ability to perform jobs identified by a vocational expert are not consistent with applicable legal standards and not supported by substantial evidence because the ALJ failed to assess specific work-related mental limitations and the vocational expert had to speculate on the degree of the plaintiff's limitations.

**2.     No Reasonable Basis in Fact**

Substantial justification may be, and generally is, lacking whenever the Commissioner's findings of fact are not supported by substantial evidence. Baker v. Bowen, 839 F.2d 1075, 1081 (5th Cir. 1988).

The findings with respect to the plaintiff's residual functional capacity and ability to perform jobs identified by a vocational expert are not consistent with applicable legal standards and not supported by substantial evidence because the ALJ failed to assess specific work-related mental limitations and the vocational expert had to speculate on the degree of the plaintiff's

limitations.

## II.   THE AMOUNT OF THE AWARD REQUESTED IS REASONABLE

The statutory maximum hourly fee permitted under EAJA for civil actions filed on or after March 29, 1996, is $125.00 per hour [P.L. 104-121, increasing the rate from $75.00 per hour] unless the court determines that an increase in the cost of living or a special factor, such as a limited availability of qualified attorneys for the proceedings involved, justifies a higher rate. 28 USC 2412(d)(2)(A).  See also: Baker v. Bowen, 839 F.2d 1075 (5th Cir. 1988).

The median hourly rate for attorneys in the Houston area is $150.00 per hour.  See: Spanhel, "Texas Attorneys Report on Hourly Rates", 59 Texas Bar Journal 114-115 (February 1996).  The typical number of hours spent for work performed in the district court or appellate court range from 40 to 122 hours.  See: Martin v. Heckler, 754 F.2d 1262 (5th Cir. 1985) [122.10 hours for work in district court and 38.60 hours for work in appellate court]; Ofrey v. Secretary HHS, 741 F. Supp. 53 (W.D. N.Y. 1990) [57.80 hours approved]; Johnson v. Bowen, 735 F. Supp. 329 (E.D. Mo. 1990) [51.30 hours approved).

The amount requested by the plaintiff for attorney fees and other expenses is reasonable for the following reasons:

1. The plaintiff's attorney was able to spend less time than would have been required by an attorney unfamiliar with the legal issues peculiar to a social security case and the detailed analysis of the medical evidence required to support the plaintiff's claim of disability.  The plaintiff's attorney has limited his practice to social security law and has been in this practice for more than 3 years.

2. Effective representation of the plaintiff required legal research in social security case law

and the preparation of the Motion for Summary Judgement. The time spent in the legal research and drafting of these documents for the court is justified because of the time and labor required for the litigation, multiple areas of law; and the novelty and difficulty of the issues presented.

### III. PLAINTIFF IS NOT RESPONSIBLE FOR PAYMENT OF ANY OTHER LEGAL FEES OR EXPENSES

An award of attorneys fees under the Social Security Act for services rendered at the judicial level do not preclude an award of attorneys' fees for those same services under EAJA. 28 U.S.C.A § 2412 note (Pub. L. No. 96-481 § 206(b), as amended by Pub. L. 99-80 § 3). See Frazier v. Apfel, 240 F.3d 1284 (10th Cir. 2001)(holding that attorney's fees available under the EAJA and under the Social Security Act are two different kinds of fees and must be separately awarded). However, where the claimant's attorney receives fees for the same work under both the Social Security Act and EAJA, the attorney must refund the claimant the amount of the smaller fee. 28 U.S.C.A. § 2412 note (Pub. L. 96-481 § 206(b), as amended by Pub. L. 99-80 § 3). See Hayes v. Callahan, 973 F.Supp. 1290, 1292 (D. Kan. 1997).

The plaintiff is not responsible for payment of any other legal fees or expenses except those which are allowable under EAJA for representation in this cause only because the undersigned attorney has agreed with the Plaintiff to limit his services to federal court work. The court having rendered a judgment under the fourth sentence of 42 U.S.C.A. 405(g), it no longer has jurisdiction over this case. If the plaintiff is successful in obtaining social security benefits after the next administrative hearing of this claim, the 42 U.S.C.A. 406(a) fees (if any) will be withheld from past-due benefits, or will be paid directly by the plaintiff to his non-attorney representative.

## CONCLUSION

Based on the foregoing reasons, the court should grant the plaintiff's application for attorney fees and costs in the amount of $ 3,100.00 pursuant to EAJA, plus such additional fees and costs that may be submitted at the time of any reply memorandum to reflect work done on attorney fee litigation, and further grant such other relief as the court may deem just, proper, and equitable.

Respectfully submitted,

By: _____
John J. Ingram, II
Attorney-in-Charge
Texas Bar No. 24025447
Southern District of Texas Bar No. 25468
3016-A N. McColl
McAllen, Texas 78501
(956) 661-0074 - Telephone
(956) 661-0047 - Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing: "MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S UNOPPOSED APPLICATION FOR ATTORNEY FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (28 USC 2412)" has been furnished to Kerry J. Simpson, Special Assistant United States Attorney, 1301 Young Street, Suite 430, Dallas, Texas 75202 by placing same in the United States Mail on this 14th day of October 2004.

By: _____
John J. Ingram, II

## CERTIFICATE OF CONFERENCE

On October 14, 2004, Defendant's counsel, was contacted regarding this request. Ms. Simpson is **unopposed** to the: **"UNOPPOSED MOTION FOR AWARD OF ATTORNEY FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT(28 USC 2412)."**

_____
John J. Ingram, II
Attorney-in-Charge
Texas Bar No. 24025447
Southern District of Texas Bar No. 25468
3016-A N. McColl
McAllen, Texas 78501
(956) 661-0074 - Telephone
(956) 661-0047 - Facsimile

ATTORNEY FOR PLAINTIFF